Citation Nr: 1340185 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 12-26 387 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a rating in excess of 30 percent for coronary artery disease from June 7, 2010 to January 3, 2011, in excess of 60 percent from January 3, 2011, to April 26, 2011. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

C. Lawson, Counsel



INTRODUCTION

The Veteran served on active duty from January 1970 to October 1970.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). That decision granted service connection for coronary artery disease and assigned it a 60 percent rating from May 21, 2007, a 30 percent rating from June 7, 2010, a 60 percent rating from January 3, 2011, and a 100 percent rating from April 26, 2011. The Veteran disagreed with the rating from June 7, 2010. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

VA has assisted the Veteran with obtaining all available VA medical records. However, it appears that there are some outstanding private medical records which may have a bearing on the claim. In April 2010, the Veteran advised that outside medical records had been submitted to Dr. Balireddy at the Dallas, Texas VA Medical Center. 

A review of the Veteran's claims folder and records on Virtual VA does not reveal any outside medical records. Accordingly, development for any private medical records of treatment which has been provided to the Veteran for coronary artery disease from June 7, 2010 through April 26, 2011 should be performed, followed by readjudication of the claim. 

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain any private medical records of treatment which the Veteran has been provided for coronary artery disease from June 7, 2010 through April 26, 2011. 

2. Thereafter, readjudicate the Veteran's pending claim in light of any additional evidence added to the record. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).